**RICHARDSON et al. v. PROSPECT HILL MISSIONARY BAPTIST CHURCH.**

(No. 8003.)

Court of Civil Appeals of Texas. San Antonio.
May 2, 1928.

Rehearing Denied June 13, 1928.

1. **Religious societies** &⟶31 (6)—Whether church authorized or ratified transaction by which trustee sold church's note, placing proceeds in treasury, was question of fact.

In action by church to foreclose lien and recover on note which trustee of church had sold, placing proceeds in church's treasury, issue whether church authorized or ratified transaction, precluding church's repudiation and recovery on note, was for trial court sitting as a jury.

2. **Appeal and error** &⟶1010(1)—Findings upon sufficient evidence by trial court sitting as jury are conclusive.

Facts found by the trial court, sitting as a jury, upon sufficient evidence, are binding on appeal.

On Motion for Rehearing.

3. **Religious societies** &⟶9—Church was not precluded from repudiating trustee's sale of church's note, where trustee's assignment and placing of proceeds in church's treasury was without knowledge of church or cotrustees.

In action by church on note which trustee had previously assigned, church's right to repudiate the transaction was not defeated by authorization to trustee or by subsequent ratification, where trustee acted without knowledge of church or cotrustees and proceeds of sale were paid into treasury of church without authority.

Appeal from District Court, Bexar County; Robt. W. B. Terrell, Judge.

Action by the Prospect Hill Missionary Baptist Church against J. M. Richardson and

---

another. Judgment for plaintiff, and defendant named appeals. Affirmed.

Bell & Bell, of San Antonio, for appellant.

Matlock & Kelly, of San Antonio, for appellee.

SMITH, J. A. D. Hall executed his promissory note, in the sum of $900, payable to the order of W. W. Payton. The Prospect Hill Baptist Church of San Antonio acquired the note, which Payton indorsed, without recourse, to J. H. Ford and F. A. Cox, trustees of said church. The note was secured by the vendor's lien upon a certain improved lot in San Antonio. That property was also heavily incumbered by liens to secure other indebtedness than that held by the church. Some of these obligations were held by J. M. Richardson, who, being desirous of protecting his interest, entered into negotiations with Trustee Cox for the purpose of procuring a release of the lien held by Ford and Cox as trustees for the church. These negotiations resulted in an agreement by which Cox individually assigned and transferred the church's note and lien to Richardson for the recited consideration of $50, which Richardson paid over to Cox, who in turn paid it into the treasury of the church. The church repudiated the transaction, and brought suit and recovered judgment for the amount of the note, less the $50 paid Cox, and for foreclosure of the lien. Richardson has appealed.

[1, 2] The case is essentially one wholly of fact, to be determined, in the absence of a jury, by the court, as was done. The court found, in effect, that Cox, Ford, and another were the duly elected and acting trustees of the church; that the church became the owner of the note and lien through assignment from the payee to Cox and Ford, as trustees of the church; that without the knowledge or consent of the church or his cotrustees Cox sold the note for $50, executed his individual transfer thereof to the purchaser, accepted the $50, and deposited it with the general funds of the church; that the purchaser of the note and lien from Cox knew the same was the property of the church; that neither the church nor its officers knew of nor ratified Cox's act in selling and transferring the note and lien; that the lien was upon property of the market value of $14,000 or $15,000, and otherwise incumbered for about $8,000. These facts were found by the trial court upon sufficient evidence, and those findings are binding upon this court, and therefore are adopted as the findings of this court.

We conclude that under those facts the court properly rendered judgment in favor of the church for the amount of the note, less a credit for the $50 collected by Cox, and for foreclosure of the lien upon the property involved. Appellant brings forward his first, sixth, seventh, eighth, and ninth assignments of error. They each rest upon the claimed insufficiency of the evidence to support the court's findings of fact, and must be overruled in view of our conclusion that there was sufficient evidence to support those findings.

The judgment is affirmed.

### On Motion for Rehearing.

[3] Appellant in his first and second assignments of error, which are again urged on motion for rehearing, contends that:

"The court erred in refusing to grant the plaintiff a new trial because, as alleged in paragraph 1 of his motion, it was clearly and unmistakably shown that the witness F. A. Cox was the authorized and acting agent and trustee of the plaintiff, and that, without fraud or misrepresentation on the part of these defendants, or either of them, the said agent, Cox, transferred the note to the defendant, J. M. Richardson, for the sum of $50, which money was accepted and received by plaintiff.

"The court erred in his conclusions of law as found in paragraph 1 of such finding to the effect that the plaintiff was entitled to personal judgment against the defendant A. D. Hall, and to foreclosure of his vendor's lien against the property described in plaintiff's petition, because said conclusion of law is contrary to all of the facts testified to upon the trial of this cause, in this: That the testimony of all witnesses shows that the said F. A. Cox acted as trustee for the plaintiff in all of the negotiations with reference to the $1,203.86 note, as well as the $900 note, and that he acted without authority from the church in all such matters. That the church received the benefit of the $50 which Cox collected and appropriated this money to its own use, and, as a matter of law, the said Cox was the agent with full authority to act for the church; and when he did act and the church accepted the money, it could not then recover against Richardson and Hall."

These contentions are directly refuted by appellant's admission in open court upon the trial of this cause, that:

"The Prospect Hill Baptist Church and none of its trustees, except F. A. Cox, had anything to do with the execution of the release of the $900 note and did not authorize anybody to execute that release, and had no knowledge of the payment of the $50 or the release of the $900 note."

The contention is also refuted by the trial court's findings, amply supported by the testimony, as well as by appellant's admissions that:

"At the time of said release of the $900 note by F. A. Cox personally, he was one of the trustees of the Prospect Hill Missionary Baptist Church, plaintiff, and that his associates as trustees were J. H. Ford and W. P. Coleman, Sr., neither of whom, nor did the plaintiff, know that said Cox had delivered said $900 note to the defendant J. M. Richardson and given his personal release therefor; nor had either the plaintiff Prospect Hill Missionary Baptist Church or said trustees authorized said delivery or have any knowledge thereof, which was

admitted by the defendants upon the trial. of said cause. * * *

"That the said F. A. Cox, trustee of plaintiff, had no right or power to either convey title to said property, or release the lien held by plaintiff thereon, without the consent or knowledge of his cotrustees or plaintiff. That although the said defendant J. M. Richardson paid to the said Cox the sum of $50 in consideration for said release, and that Cox paid said $50 into the treasury of the Prospect Hill Missionary Baptist Church, plaintiff, the defendant Cox, trustee, did so without any authority of either the plaintiff in the case or his cotrustees. * * * That F. A. Cox was never the owner of said $900 note sued upon, and had no right or authority to deal with it personally or bind plaintiff by such act. That plaintiff was the owner of said note at the time said release and delivery was made and had no knowledge of any of the personal acts of the said F. A. Cox, nor has it ever ratified said acts of the said F. A. Cox."

Appellant's motion for rehearing is overruled.